**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4558**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HEYDAR SADEGHI, a/k/a Heydar 'Ed' Sadeghi, a/k/a Aeydar
Zadeghi, a/k/a Heidar Sadeghi, a/k/a Mir Goharbar, a/k/a Mir
Sadegh Goharbar,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. James C. Cacheris, Senior
District Judge. (1:11-cr-00070-JCC-1)

Submitted: December 7, 2011      Decided: Decemer 22, 2011

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H.
Pratt, Kevin R. Brehm, Assistant Federal Public Defenders,
Alexandria, Virginia, for Appellant. Ryan Scott Faulconer,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Heydar Sadeghi pled guilty, pursuant to a plea agreement, to mail fraud in violation of 18 U.S.C. § 1341 (2006). The district court sentenced Sadeghi to five years' probation. On appeal, Sadeghi's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he could identify no meritorious issues for appeal, but questioning whether Sadeghi knowingly and intelligently waived his right to appeal. The Government moved to dismiss the appeal as barred by Sadeghi's waiver of the right to appeal included in the plea agreement.

We review de novo whether a defendant has effectively waived his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and the conduct of the accused, as well as the accused's educational background and experience with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a court fully questions a

2

defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, this court will "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." Id. (internal quotation marks and citation omitted).

In the plea agreement, Sadeghi agreed to waive the right to "appeal the conviction and any sentence imposed within the statutory maximum . . . on any ground whatsoever." Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Sadeghi knowingly and voluntarily waived his right to appeal and that Sadeghi does not seek to raise on appeal any issue outside the compass of his waiver of appellate rights. Accordingly, we grant the Government's motion to dismiss Sadeghi's appeal as to all issues except those, such as ineffective assistance of counsel and prosecutorial misconduct, that we deem exempt from even valid waivers of appellate rights.

Although Sadeghi waived his right to appeal his conviction and any within-Guidelines sentence, his appellate waiver does not preclude this court's Anders review of the record for any potentially meritorious issues outside the scope of Sadeghi's appellate waiver. We have found none. We therefore affirm Sadeghi's conviction and sentence to the extent

3

our obligation pursuant to Anders extends to matters not precluded by the appellate waiver provision of Sadeghi's plea agreement.

This court requires that counsel inform Sadeghi, in writing, of the right to petition to the Supreme Court of the United States for further review. If Sadeghi requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sadeghi. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART